```
                                                    FILED
                                                   JAN 23 2015
                                                RICHARD W. WIEKING
                                              CLERK, U.S. DISTRICT COURT
                                           NORTHERN DISTRICT OF CALIFORNIA
                                                    SAN JOSE
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GERARD LEWIS,<br><br>    Plaintiff,<br><br>v.<br><br>S. MIRANDA, et. al.,<br><br>    Defendants. | No. C 14-04520 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner at Salinas Valley State Prison ("SVSP"), filed the instant civil rights action in *pro se* pursuant to 42 U.S.C. § 1983, challenging conditions of confinement. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate order.

## DISCUSSION

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. **Plaintiff's Claims**

Plaintiff claims that on February 19, 2014, he was denied legal supplies which he needed as an indigent. (Compl. at 3.) Plaintiff claims that the lack of these supplies denied him adequate access to the courts. (*Id.* at 3a.)

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right may include the right to legal materials, including pens and paper for indigent prisoners. *See Gluth v. Kangas*, 951 F.2d 1504, 1510 (9th Cir. 1991); *see Bounds v. Smith*, 430 U.S. at 824-25; *Kershner v. Mazurkiewicz*, 670 F.2d 440, 444 (3d Cir. 1982). To state a claim, however, there must be a showing that the denial of the materials denied the prisoner the ability to perfect and pursue legal action, *i.e.*, actual injury to court access. *See Gluth*, 951 F.2d 1509 n.2; *see also Allen v. Sakai*, 48 F.3d 1082, 1089-90 & n.9 (9th Cir. 1995) (where state court requires all handwritten entries to be in black ink, ban on use of pens constitutes denial of access to court); *King v. Atiyeh*, 814 F.2d 565, 565 (9th Cir. 1987) (no established minimum postage that state must meet; focus of court is whether plaintiff has been denied meaningful access); *Franklin v. Oregon*, 563 F. Supp. 1310, 1331 (D. Or. 1983) (prisoner with 106 separate actions before court clearly has no trouble getting papers to court and claim dismissed as frivolous). Furthermore, in order to establish a constitutional claim for denial of access to the courts resulting from the alleged hindrance of a plaintiff's ability to bring a legal claim, the hindered claim must be a nonfrivolous

one. *See Lewis*, 518 U.S. at 352-53 & n.3.

Plaintiff's allegations are insufficient to state a right of denial of access to courts because he has failed to allege actual injury and show that he was pursuing nonfrivolous claims. Accordingly, Plaintiff shall be given an opportunity to file an amended complaint to attempt to correct these deficiencies and state a cognizable claim.

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED** with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order, Case No. C 14-04520 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

DATED: January 23, 2015

BETH LABSON FREEMAN
United States District Judge